

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00167-CV

———————————————

IN THE INTEREST OF K.C. AND N.T., CHILDREN

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 18-9648-158

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Opinion by Chief Justice Sudderth

## OPINION

The primary issue in this appeal from a judgment terminating the parent–child relationship (1) between Mother and K.C. and N.T and (2) between Father and K.C.[1] is an issue of first impression: whether the trial court lost jurisdiction by failing to extend the Texas Family Code's automatic-dismissal deadline before its expiration when one of its extension orders omitted either a date certain or a time frame by which a new dismissal date could be calculated and a subsequent extension order was rendered too late.[2] Because we hold that the trial court lost jurisdiction over the suit automatically, we vacate the trial court's judgment and dismiss the underlying suit without prejudice to refiling.

## Background

On October 17, 2018, after receiving a referral of "neglectful supervision" by Mother, the Department of Family and Protective Services filed a petition requesting to be named temporary managing conservator of K.C. and N.T. The same day, the trial court signed an order naming the Department as the children's temporary managing conservator. Mother was served on October 18, 2018, and Father was served on October 16, 2019.

---

[1]At the time of trial, N.T.'s father's identity was unknown; therefore, the trial court's judgment terminated the parent–child relationship between N.T. and his unknown father.

[2]We have found no Texas Supreme Court authority addressing this precise issue, nor has this court decided it previously.

Before service of the suit on Father, Mother and the Department agreed to an extension of the initial dismissal date, October 21, 2019, to April 17, 2020. The trial court signed an order extending the dismissal deadline according to the agreement.

On February 11, 2020, after a permanency hearing, the trial court signed an order again listing the dismissal date as April 17, 2020, and also setting trial for March 30, 2020. On March 13, 2020, the Texas Supreme Court issued its First Emergency Order Regarding the COVID-19 State of Disaster (1st Order), 596 S.W.3d 265 (Tex. 2020). In that order, the court gave Texas courts the authority, "[s]ubject only to constitutional limitations," to "[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, *for a stated period* ending no later than 30 days after the Governor's state of disaster has been lifted."[3] *Id.* at 265 (emphasis added). On March 19, 2020, the Texas Supreme Court issued its Third Emergency Order Regarding the COVID-19 State of Disaster (3rd Order), in which it clarified that the 1st Order applied to Family Code Section 263.401 deadlines and that those deadlines "may or must be modified or suspended . . . to avoid the risks of

---

[3]Governor Abbott first issued the disaster proclamation on March 13, 2020. Tex. Gov. Proclamation No. 41-3720, 45 Tex. Reg. 2094, 2094–95 (2020). He has renewed it each month since then, most recently as of October 19, 2022. Tex. Gov. Proclamation No. 41-3934, ____ Tex. Reg. ____, ____ (2022); *see* Tex. Gov't Code Ann. § 418.014(c) (providing that state of disaster declared by governor may not last more than 30 days unless renewed).

3

disaster and still protect the interests of all involved in these difficult circumstances."

596 S.W.3d 266, 267 (Tex. 2020).[4]

On March 20, 2020, Mother and Father reached the following mediated settlement agreement with the Department:

a. The parties agree to remove this case from the jury trial docket and ensure it is placed on the bench trial docket.

b. The parties agree to convene the bench trial if at all possible due to the COVID - 19 [pandemic], on the trial date or to reasonably set this matter on a bench trial docket immediately thereafter if not possible.

c. The parties agree to immediately convene the trial so that the out of state placement options can be explored.

d. The parties agree that such reconvening of the trial is for the purpose of extending the dismissal date so that th[e] out of state placement options can be considered.

Instead of convening trial, the Department moved on April 13, 2020, to extend the dismissal deadline from April 17, 2020, to "*a date specific* within 30 days of the end of the statewide disaster declaration." [Emphasis added.]

---

[4]Both the 1st and 3rd Orders were initially effective until May 8, 2020, and were further extended until June 1, 2020. *Twelfth Emergency Order Regarding the COVID-19 State of Disaster (12th Order)*, 629 S.W.3d 144, 146 (Tex. 2020); *3rd Order*, 596 S.W.3d at 267; *1st Order*, 596 S.W.3d at 265; *see also C.C. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-21-00587-CV, 2022 WL 1121428, at *2 (Tex. App.—Austin Apr. 15, 2022, no pet.) (mem. op.) (explaining effect of 1st and 3rd Orders, listing other emergency orders dealing with Section 263.401 extensions, and noting that "as the COVID-19 pandemic continued through 2020 and 2021, the Supreme Court authorized additional extensions of the automatic dismissal date, which had the effect of permitting the trial court to continue extending the dismissal date with each successive Supreme Court order").

On April 14, 2020, the trial court signed an order[5] purporting to extend the dismissal date.[6] In the order, the trial court found that "[t]he COVID-19 pandemic and subsequent" 1st Order constituted extraordinary circumstances justifying an extension of the dismissal deadline and that the deadline "shall be extended." But the order did not list how long the dismissal deadline should be extended, nor did it list a specific date for dismissal; it simply stated, "The dismissal date is extended to

_____," and it noted, "The final trial date is reset to

_____, 2020 at 9:00 A.M." The order also set the next permanency hearing—"[p]ursuant to § 263.306(a-1)(7), Texas Family Code"[7]—for May 11, 2020. The court's online docket entry for that day simply records the order's title.[8]

---

[5] The recitals stated that the order had been "presented to the Court."

[6] At the time the trial court signed the April 14, 2020 extension order, the Governor had extended the March 2020 disaster proclamation for 30 days effective April 12, 2020. Tex. Gov. Proclamation No. 41-3730, 45 Tex. Reg. 2602, 2602–03 (2020).

[7] Section 263.306(a-1) governs permanency hearings before rendition of a final order. Tex. Fam. Code Ann. § 263.306(a-1).

[8] The docket sheet included in the clerk's record, which contains only five entries, does not have an entry for April 14, 2020. *See In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *9 & n.7 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) (explaining differences and similarities between docket sheet entries and entries in court's case management system).

5

On April 21, 2020, the court administrator sent a Notice of Final Trial, setting June 22, 2020, as the trial date. After a permanency hearing either on May 8 or May 11, 2020,[9] the trial court issued an order reciting that the dismissal and final trial dates had been set for June 22, 2020.

On May 26, 2020, the Texas Supreme Court issued its Seventeenth Emergency Order Regarding the COVID-19 State of Disaster (17th Order), which provided as follows:

> 3. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public— . . .
>
> . . . .
>
> b. in all proceedings under Subtitle E, Title 5 of the Family Code, specifically including but not limited to Section 263.401(b):
>
> > (i) modify or suspend a deadline or procedure—whether imposed by statute, rule, or order—for a stated period not to exceed 180 days;
> >
> > (ii) extend the dismissal date for any case previously retained on the court's docket *for an additional period not to exceed 180 days from the date of this Order.*

---

[9]The trial court signed the permanency-hearing order on May 8, 2020, and the clerk's stamp on the order is May 8, 2020, but the order's recitals state that the hearing was held on May 11, 2020. We will presume for our analysis that the hearing was held on May 8, 2020.

609 S.W.3d 119, 120 (Tex. 2020) (emphasis added). Pursuant to the 17th Order, on June 24, 2020, the trial court entered an agreed order that purported to further extend the dismissal date to November 20, 2020.

After several more dismissal-deadline extension orders, trial commenced on October 18, 2021. However, the trial court recessed the trial on Mother's motion. Although the trial resumed on January 4, 2022, the trial court recessed it again because it "went beyond the allotted docket time." Trial recommenced and was completed on March 28, 2022. The trial court signed the final termination order on May 9, 2022.

## Underlying Case Automatically Dismissed

Mother and Father both contend that the underlying suit was dismissed automatically under Section 263.401(c), either in April 2020 or in June 2020. According to our analysis of the plain language of the Texas Supreme Court's COVID-disaster-related emergency orders allowing extensions of the Family Code's automatic-dismissal deadline, we agree.

Family Code Section 263.401 establishes certain deadlines for cases filed by the Department that request termination of the parent–child relationship. *See* Tex. Fam. Code Ann. § 263.401. According to that section, unless the court has commenced the trial on the merits or granted an extension under subsection (b) or (b-1)[10] of Section

---

[10]Subsection (b-1) applies to the setting of a new dismissal deadline after the trial court grants a mistrial or a new trial, or after the appellate court remands the suit, and the case remains pending on the trial court's docket. Tex. Fam. Code Ann. § 263.401(b-1).

263.401, "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the [D]epartment as temporary managing conservator, the court's jurisdiction over the suit . . . is terminated and the suit is automatically dismissed." *Id.* § 263.401(a). To retain the suit before the automatic dismissal, the trial court must find that extraordinary circumstances necessitate continuing the Department's temporary managing conservatorship and that continuing the conservatorship is in the child's best interest. *Id.* § 263.401(b) (requiring also that if trial court retains the suit, it must render an order (1) scheduling a new automatic-dismissal date and setting trial on the merits no later than the 180th day after the initial dismissal date and (2) making further orders for the child's safety and welfare as necessary to avoid further delay). If the trial court extends the dismissal date but does not commence the trial on the merits no later than the day before the extended dismissal date, "the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order." *Id.* § 263.401(c); *In re J.R.*, 622 S.W.3d 602, 605 (Tex. App.—Fort Worth 2021, orig. proceeding [mand. dism'd]). An extension order rendered on or after the automatic-dismissal date cannot operate to revive jurisdiction that has already been lost. *J.R.*, 622 S.W.3d at 605; *see also In re G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021) ("[A] trial court's failure to timely extend the automatic dismissal date before that date passes . . . is jurisdictional . . . ."); *In re J.R.T.*, No. 09-21-00361-CV, 2022 WL 802557, at *4 (Tex. App.—Beaumont Mar. 17, 2022, no pet.) (mem. op.).

The Department contends that the trial court's April 14, 2020 order properly extended the automatic-dismissal deadline,[11] arguing that under the 1st and 3rd Orders, the trial court was not required to comply with Section 263.401(b) and was required to instead simply grant an extension before or on the April 17, 2020 dismissal deadline: "The trial court was not required to set a new dismissal date, because the order was not issued under § 263.401, and the trial court properly set the case for a permanency hearing on May 11, 2020." *See A.N. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-22-00099-CV, 2022 WL 3638211, at *2–3 (Tex. App.—Austin Aug. 23, 2022, no pet. h.) (mem. op.) (holding that when trial court has extended dismissal deadline under one of the Texas Supreme Court's COVID-disaster-related emergency orders, automatic dismissal does not occur when extension order entered on day set for dismissal because extensions under the Texas Supreme Court's emergency orders, other than first extensions, are not pursuant to Section 263.401(b)).

We agree with the Department that the trial court was not required to comply with all of Section 263.401(b) to properly extend the dismissal deadline. *See In re C.D.*, No. 05-21-00768-CV, 2022 WL 484559, at *2 (Tex. App.—Dallas Feb.17, 2022, no pet.) (mem. op.) (noting that although trial court ordinarily may not grant more than one Section 263.401(b) extension, the Texas Supreme Court's COVID-disaster-related

---

[11]We agree with the Department that because the order was entered before the April 17, 2020 dismissal deadline, the trial court had not lost jurisdiction on April 14, 2020, the date the order was signed.

9

emergency orders allow additional extensions).  But even if the trial court was not required to comply with all of Section 263.401(b)'s requirements to properly extend the dismissal deadline and thereby retain jurisdiction, its April 14, 2020 extension order nevertheless failed to comply with the express language of the only other authority on which it could have relied—the 1st Order.  That order expressly authorized the trial court to extend the deadline only "for a stated period,"[12] which was to end "no later than 30 days after the Governor's state of disaster has been lifted."  *1st Order*, 596 S.W.3d at 265.  Thus, according to the 1st Order's plain language, the trial court's extension had to identify some fixed amount of time by which the dismissal date could be calculated.  The Department cites no authority holding that an open-ended extension order that omits any time frame or end date for the extension[13] suffices to comply with the 1st Order.  *See Neurological Assocs. of San*

---

[12]Black's Law Dictionary defines "stated" as "[f]ixed; determined; settled" or "[e]xpressed; declared."  Black's Law Dictionary (11th ed. 2019).  Merriam-Webster defines "period" as "a chronological division" or a "STAGE."  *Period*, Webster's Third New Int'l Dictionary (2002).  As we do with statutes, we construe the Texas Supreme Court's COVID-disaster-related emergency orders according to their plain terms, giving the words used their ordinary meanings unless different meanings are apparent from the context or unless giving the terms those plain meanings would lead to absurd results.  *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.); *W. Harwood 334B Land Tr. v. Clement*, No. 02-20-00216-CV, 2021 WL 1229973, at *4–5 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.).

[13]This case is distinguishable from those cases in which the trial court orally granted an extension before the dismissal deadline because nothing in this appellate record indicates the trial court made such an oral order.  *See In re O.D.*, No. 09-22-00104-CV, 2022 WL 5237908, at *2–5 (Tex. App.—Beaumont Oct. 6, 2022, no pet.

10

*Antonio, P.A. v. Torres*, No. 04-21-00120-CV, 2022 WL 1559101, at *3 (Tex. App.—San Antonio May 18, 2022, no pet.) (mem. op.) ("[N]othing in the [1st O]rder suggested an automatic modification or suspension of deadlines and procedures."); *In re J.L.J.*, 645 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (holding that the terms of the 33rd emergency order—substantially similar to the other COVID-disaster-related emergency orders—"establish that the extension is not automatic"). *But cf. In re J.D.A.S.*, No. 14-22-00115-CV, 2022 WL 3365259, at *2–3 (Tex. App.—Houston [14th Dist.] Aug. 16, 2022, no pet.) (mem. op.) (holding that trial court's standing order, issued according to 1st Order, "that all cases already on an extended dismissal date shall be retained for up to 180 days pas[t] the extended dismissal date," operated sufficiently to extend dismissal deadline); *C.C.*, 2022 WL

h.) (mem. op.) (holding on-the-record oral order—"I'm going to exten[d] it under the most recent emergency order. . . . Six-month extension."—sufficient to extend dismissal deadline); *In re E.C.R.*, 638 S.W.3d 755, 765–67 (Tex. App.—Amarillo 2021, pets. denied) (holding sufficient oral order extending dismissal deadlines "until 30 days after the State of Emergency is lifted"); *In re J.-R.A.M.*, No. 10-20-00221-CV, 2020 WL 7866877, at *1–3 (Tex. App.—Waco Dec. 30, 2020, pet. denied) (mem. op.) (holding July 2020 on-the-record oral order to reset trial to August 11, 2020, three days after August 8 dismissal deadline, sufficient to extend dismissal deadline according to 18th emergency order); *see also* Tex. Fam. Code Ann. § 101.026 (allowing trial court in Family Code case to pronounce ruling "orally in the presence of the court reporter or in writing"). *But cf. In F.S.*, No. 09-22-00114-CV, 2022 WL 4371008, at *5–6 (Tex. App.—Beaumont Sept. 22, 2022, no pet. h.) (holding on-the-record order that granted extension according to party's motion but that did not "set a future trial date" was sufficient to extend dismissal deadline under Section 263.401(b), when primary issue was whether lack of Section 263.401(b)-required findings of extraordinary circumstances and good cause were not made on the record or in writing).

1121428, at *3 (holding same for similar standing order, which extended the statutory dismissal deadline for all pending TDFPS-filed cases "until November 22, 2020"). In other words, the COVID-disaster-related emergency orders are not self-executing; they provide for outside limits on extensions, but they do not dictate how long such extensions must be within the permissible limits.

Even assuming that the April 14, 2020 order operated to extend the dismissal deadline to at least the date stated therein (May 11, 2020), it could not have extended the dismissal date beyond June 11, 2020—30 days after the date the then-effective Governor's disaster proclamation was to expire[14]—at the time it was rendered. *See 12th Order*, 629 S.W.3d at 144; *1st Order*, 596 S.W.3d at 265. Before that time, on May 8, 2020, the trial court rendered an order stating, "[T]he Court determines that the date for dismissal of this cause shall be **June 22, 2020**," and further setting a final trial date: "[T]he Court determines that this suit shall be and is hereby set for trial on **June 22, 2020** . . . ." But that date was beyond 30 days after the expiration of the then-effective Governor's disaster declaration. Thus, if the suit was validly extended by the April 14, 2020 order to allow a further extension on May 8, 2020, the "stated period" for the May 2020 extension would have expired on June 11, 2020, before the extended June 22, 2020 dismissal date set in the order. No trial court order extending

---

[14]The Governor's April 12, 2020 proclamation extending the disaster declaration was effective for 30 days until renewed; thus, it was effective until May 12, 2020. Thirty days after that date is June 11, 2020.

12

the deadline past June 11, 2020, was signed after the Governor renewed his disaster proclamation effective May 12, 2020. *See* Tex. Gov. Proclamation No. 41-3734, 45 Tex. Reg. 3397, 3397 (2020).

However, even if we were to further assume that the deadline extension to June 22, 2020, could have been effective, the trial court nevertheless failed to timely extend that deadline. On June 17, 2020, Father filed a motion to continue the trial setting, but he did not ask for a continuance for a certain time frame or until a date certain.[15] The trial court's online docket note for June 22, 2020, states only "Continuance Granted";[16] it does not say for how long a continuance was granted or reference a date when it was to end.[17] Not until June 24, 2020—two days after the dismissal date—did the trial court sign an agreed order further extending the dismissal date to

---

[15]Noted at the top of the proposed order submitted with the motion for continuance is the following: "REJECTED. THE MOTION WILL NEED TO BE HEARD UNLESS AN AGREED ORDER IS SUBMITTED. SB."

[16]The docket sheet in the clerk's record contains no entry for June 22, 2020. Nothing in the appellate record indicates that the trial court held a hearing on that date.

[17]The 17th Order was in effect on June 22, 2020. That order allowed for the extension of Section 263.401(b) deadlines in "any case previously retained on the court's docket for an *additional period* not to exceed 180 days from" May 26, 2020, i.e., November 22, 2020. *17th Order*, 609 S.W.3d at 120 (emphasis added). "Additional" is defined as "existing or coming by way of addition"; "ADDED"; or "FURTHER." *Additional*, Webster's Third New Int'l Dictionary (2002). Thus, like the 1st Order, the 17th Order provided neither for an automatic extension nor an open-ended one; the trial court was required to identify some time frame by which the extension could be calculated.

November 20, 2020, and setting final trial for October 19, 2020.[18]  By the time this order purporting to extend the dismissal deadline was rendered, the automatic-dismissal date had already passed; thus, this order could not have revived the trial court's jurisdiction.  *See J.R.*, 622 S.W.3d at 605.

The Department urges us to adopt the reasoning of the Austin Court of Appeals in *A.N.*—that the Section 263.401(c) automatic dismissal did not occur on June 22, 2020, because second and subsequent dismissal-date extensions according to one of the Texas Supreme Court's emergency orders are not extensions according to Section 263.401(b), which allows for only one extension.  2022 WL 3638211, at *2. To the extent that the Department argues that *A.N.* allows a trial court to retain

---

[18]This case is distinguishable from other cases in which the trial court extended the deadline by a general docket entry.  In *In re O.O.*, after a hearing that was not made part of the appellate record, the trial court made a docket entry in a companion case: "[R]eturn in 60 days; 401 extensions."  No. 13-21-00411-CV, 2022 WL 1559725, at *7 (Tex. App.—Corpus Christi–Edinburg May 17, 2022, pet. denied) (mem. op.).  The appellate court held that the entry was sufficient to show extension of the dismissal deadline, especially considering that according to *G.X.H.*, the appellate court could presume that the trial court made the required Section 263.401(b) findings on the missing record.  *Id.* at *7–8 (citing *G.X.H.*, 627 S.W.3d at 299).

In *In re K.T.S.N.*, not only did the challenged extension orders contain dates certain by which the extended deadline could be calculated, but also the appellate court held that the last extension deadline was extended by Rule of Civil Procedure 4 when it fell on Thanksgiving Day.  No. 01-21-00456-CV, 2022 WL 96737, at *5–7 (Tex. App.—Houston [1st Dist.] Jan. 11, 2022, pet. denied) (mem. op.).

But even if these cases were not distinguishable, the trial court had already lost jurisdiction by not extending the dismissal deadline by June 11, 2020, i.e., 30 days after the then-expiration of the Governor's April 12, 2020 state of disaster declaration.

14

jurisdiction by rendering an extension order the day after the dismissal deadline set according to one of the COVID-disaster-related emergency orders or beyond—rather than on the actual dismissal deadline itself—we disagree. *See C.D.*, 2022 WL 484559, at *2 (holding that "for the [trial] court to retain jurisdiction by extending the dismissal date . . ., the court must actually extend the dismissal date before it expires"); *see also J.R.T.*, 2022 WL 802557, at *4; *In re J.R.*, 622 S.W.3d at 605. Moreover, the reasoning of *A.N.* does not compel a different result here because in that case, the trial court had signed its second extension order on the dismissal date itself, not a day or more after. 2022 WL 3638211, at *1. Accordingly, we hold that the reasoning of *A.N.* does not apply here.

We sustain Mother's second issue and Father's first issue. Because those issues are dispositive, we need not address Mother's and Father's other issues on appeal. *See* Tex. R. App. P. 47.1.

## Conclusion

Having determined that the underlying suit was automatically dismissed under Family Code Section 263.401(c), we vacate the trial court's judgment as void and dismiss the Department's suit without prejudice to refiling and without prejudice to the trial court's rendering a new emergency order under Family Code Section 262.102. *See* Tex. R. App. P. 43.2(e); Tex. Fam. Code Ann. § 262.102; *In re J.R.*, 652 S.W.3d 508, 515–16 (Tex. App.—Houston [14th Dist.] 2022, pet. filed.); *J.D.A.S.*, 2022 WL

15

3365259, at *5; *In re A.M.*, No. 07-19-00391-CV, 2020 WL 1174579, at *3 (Tex. App.–

–Amarillo Mar. 11, 2020, no pet.) (mem. op.).


/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  November 3, 2022